# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2229 | **DATE** | May 18, 2012 |
| **CASE TITLE** | Dushon Wilkins (B-50790) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is denied without prejudice to him submitting a completed application on this court's form. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint that states a valid claim. Within 30 days of the date of this order, plaintiff must: (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint. The clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form. Plaintiff's failure to both satisfy the filing fee requirement and submit an amended complaint will result in the dismissal of this case. His motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

     Plaintiff Dushon Wilkins, currently an inmate at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 civil rights action against Cook County Sheriff Tom Dart, former Cook County Jail Executive Director Salvador Godinez, and Superintendent Thomas. Plaintiff contends that, while he was incarcerated at the Cook County Jail in 2009 and 2010, there were excessive lockdowns, which restricted inmates' access to recreation, exercise outside their cells, the law library, and phone calls. Plaintiff describes three occasions in September 2009, April 2010, and July 2010, when his division (Division 11) or the entire jail was placed on lockdown for either five or seven days because a shank or other weapon had been discovered.

     Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"); however, his application does not contain a copy of his prison trust fund account statement. Although Plaintiff's application contains a request that his statement be forwarded, no statement was included. Under the Prison Litigation Reform Act ("PLRA"), an inmate must pay the full filing fee, which currently is $350. If he is unable to prepay the fee, he may seek to proceed IFP to pay the fee in monthly deductions from his prison trust fund account. If he seeks to proceed IFP, he must submit a completed application on this court's form so that the court may assess an initial partial filing fee and direct the trust fund officer to deduct an initial partial fee and future amounts from the inmate's account until the $350 filing fee is paid. The IFP application must include both a certificate from an authorized officer and "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Accordingly, the instant IFP motion is denied without prejudice to Plaintiff submitting a completed application. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the summary dismissal of this case. N.D. Ill. Local Rule 3.3(e).
**(CONTINUED)**

isk

| **STATEMENT (continued)** |
|---|

  The court's preliminary review of the complaint *see* 28 U.S.C. § 1915A, raises concerns. In order to state a valid § 1983 claim, Plaintiff must allege conditions that amount to a constitutional violation. Courts have held that lockdowns of the nature described by Plaintiff do not rise to such a level. Thus, in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), the court affirmed dismissal of a claim that plaintiff had been the victim of arbitrary and capricious lockdowns because there is "no general liberty interest in movement outside [an inmate's] cell"). *See also Merced v. Kamp*, No. 09-241-GFPM, 2009 WL 3425684 at *2 (S.D.Ill. Oct. 23, 2009) (Murphy, J.) (lockdowns totaling 164 days in a year preventing access to outside exercise did not violate the constitution; *Rogers v. Arbisi*, No. 93 C 20237, 1996 WL 89346, *3 (N.D. Ill. Feb. 28,1996) (Reinhard, J.) (15-day lockdown due to the discovery of a weapon; restrictions on going to the gym, the day room, and the library, and on visitations, did not amount to a constitutional deprivation). Plaintiff's allegation that over a 10-month period, he was subjected to three lockdowns of five to seven days, does not state a constitutional claim and must be dismissed. *See* 28 U.S.C. § 1915A (this court must conduct an initial review of a complaint filed by an inmate and must dismiss claims that are frivolous or malicious, that fail to state a claim upon which this court can grant relief, or that name as a defendant parties that are immune to § 1983 damages).

  If Plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of this action. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. The court cautions that any amended complaint will replace the previous one and must be complete on its own, as the court will review only the amended complaint to determine the nature of the claim and the identity of any defendant(s). The court further reminds Plaintiff that he must submit a service copy for each defendant, as well as a judge's copy.

  Plaintiff's motion for the appointment of counsel is denied. The issues of this case are not complex and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).